UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHELLY LAPENNA,
MELINDA TACKETT, and
TONYA Y. JEMISON,

      Plaintiffs,

v.   Case No. 8:05-cv-904-T-24MSS

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,
GEICO INDEMNITY COMPANY,
GEICO GENERAL INSURANCE COMPANY,
and GEICO CASUALTY COMPANY,

      Defendants.
_____/

## ORDER

This cause comes before the Court on a Motion to Dismiss filed by Defendants Government Employees Insurance Company, Geico Indemnity Company, Geico General Insurance Company, and Geico Casualty Company (collectively, "Defendants"). (Doc. No. 14.) Plaintiffs Shelly Lapenna, Melinda Tackett, and Tonya Y. Jemison ("Plaintiffs") filed a response in opposition to Defendants' Motion to Dismiss. (Doc. No. 35.) For the reasons stated herein, Defendants' Motion is granted in part and denied in part.

**I.     Background**

On May 12, 2005, Plaintiffs filed their Original Class Action Complaint, alleging that Defendants unlawfully charged excessive premium finance service charges and failed to satisfy certain disclosure requirements in violation of Florida insurance laws. (Pl.'s Compl. ¶ 1.) Specifically, Plaintiffs allege the following:   Defendants are insurers pursuant to Florida Statute

§ 627.902 and may finance property, casualty, surety, motor vehicle, and marine insurance premiums on insurance policies.  (*Id.* at ¶ 5.)  Pursuant to their regular business practice, Defendants offered to Plaintiffs an installment plan for payment of their insurance premiums, which Plaintiffs accepted.  (*Id.* at ¶ 6.)  Defendants charged Plaintiffs a service charge of $4.00 for each installment payment beginning in 1997 through the present.  (*Id.*)  In doing so, Defendants violated Florida Statute § 627.901(1), as well as other states' laws, because the $4.00 service charge "substantially exceed[ed]" the $1.00 per installment maximum charge authorized by law and because the total of all service charges in one year "substantially exceeded" the $12.00 annual maximum authorized by law.  (*Id.* at ¶¶ 7-9.)  Defendants' service charges were "excessive" and in violation of §§ 627.901, 627.902, and 627.839(1), as well as unjust enrichment and "unfair business practices" laws in Florida and in other states.  (*Id.* at ¶ 12.)

Plaintiffs also allege that Defendants violated §§ 627.902 and 627.839(1) by failing to comply with the statutes' mandatory disclosure and consent requirements.  (*Id.* at ¶ 10.)  In particular, Defendants failed to obtain the signed, written consent of Plaintiffs before charging them with more than the maximum service charge authorized by law.  (*Id.* at ¶¶ 10-11.)  On the basis of these allegations, and in accordance with § 627.835, Plaintiffs allege that they are entitled recover twice the amount of the premium service charges paid.  (*Id.* at ¶ 12.)

Plaintiffs purport to represent a state and nationwide class of persons whom Defendant has overcharged for premium finance service charges as part of a systematic, nationwide policy to obtain additional revenue.  (*Id.* at ¶ 15.)  The class of persons includes those who purchased insurance from Defendants in Florida and other states and federal jurisdictions, who paid premium service charges substantially more than $1.00 per installment without receiving

statutory disclosures, and who paid premium service charges that either exceeded maximum statutory ceilings and/or that constituted unjust enrichment to Defendants. (*Id.* at ¶ 25.) According to Plaintiffs, monetary relief for all class members is "readily calculable by application of one simple formula," which is "twice the service charges paid (in Florida) and is readily calculable by application of specific statutes and/or caselaw precedent in other states and jurisdictions." (*Id.* at ¶ 15.) The approximate number of class members "is in the millions." (*Id.* at ¶ 16.)

Accordingly, Plaintiffs seek a declaratory judgment that the premium finance charges are excessive and unlawful. (*Id.* at ¶ 26.) They also seek injunctive relief that Defendant be enjoined from applying such charges in the future and that all excessive charges be refunded. (*Id.*) Finally, Plaintiffs seek statutory damages in the amount of twice the service charges paid by each class member. (*Id.*)

## II.     Standard of Review

When ruling on a motion to dismiss for failure to state a claim, the district court "must accept the allegations in the complaint as true, construing them in the light most favorable to the plaintiff." *Murphy v. Fed. Deposit Ins. Corp.*, 208 F.3d 959, 962 (11th Cir. 2000). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957). "[T]he Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he bases his claim." *Id.* at 47, 78 S. Ct. at 103. All that is required is "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2). The standard on a Rule 12(b)(6) motion is not whether the

plaintiff may ultimately prevail on its theory, "but whether the allegations are sufficient to allow [the plaintiff] to conduct discovery in an attempt to prove [its] allegations." *Jackam v. Hosp. Corp. of Am. Mideast, Ltd.*, 800 F.2d 1577, 1579-80 (11th Cir. 1986).

## III. Discussion

Defendants filed the instant motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, arguing that Plaintiffs' Complaint should be dismissed for failure to state a claim upon which relief can be granted. In the alternative, Defendants argue that the Court should order Plaintiffs to provide a more definite statement of their claims. Furthermore, Defendants contend that Plaintiffs' Complaint must be dismissed because the case cannot be maintained as a class action pursuant to Rule 23.

### A. Plaintiffs' Individual Allegations

Defendants first argue that Plaintiffs' Complaint should be dismissed because Plaintiffs cannot state a claim for damages pursuant to Florida insurance laws. "Insurance premiums are strictly regulated under Florida law." *Smith v. Foremost Ins. Co.*, 884 So. 2d 341, 345 (Fla. Dist. Ct. App. 2004). The only Florida provisions that permit "an insurer to collect an additional amount from the insured when the premium is paid in installments are the premium financing statutes contained in parts XV and XVI" of Chapter 627. *Id.*

Part XVI of Chapter 627 regulates premium financing by insurance companies. *Id.* at 342. Section 627.901 of Part XVI provides that insurance companies may collect a service charge of $1 per installment not to exceed $12 per year, or in lieu of such service charges, may charge a rate of interest not to exceed 18 percent per year on the unpaid balance. *Id.* (quoting Fla. Stat. § 627.901(1)). Section 627.902 of Part XVI provides that, if an insurer charges a

service charge or rate of interest that "is substantially more than that provided in s. 627.901," the insurer "shall be subject to part XV of this chapter." Accordingly, pursuant to §§ 627.901 and 627.902, Defendants may accept installment payments of insurance premiums and charge a fee which is not "substantially more than" $1 per installment, or 18 percent interest on the unpaid premium balance. If Defendants charge a fee that is "substantially more than" this amount, Defendants are subject to regulation under Part XV.

Part XV of the insurance code regulates "premium finance companies." *See* Fla. Stat. § 627.826. Section 627.835 of Part XV, which provides the statutory basis for Plaintiffs' damages claim, states that "[a]ny . . . entity who . . . charges a premium finance charge other than that authorized by this part shall thereby forfeit the entire premium finance charge." Furthermore, "any person who has paid such unlawful finance charge may . . . recover . . . twice the entire amount of the premium finance charge so paid." Fla. Stat. § 627.835.

Here, Defendants argue that they are not subject to regulation under Part XV, or the § 627.835 damages provision, because Part XV only applies to "premium finance companies," not insurance companies that accept installment payments, like Defendants. Defendants rely on *Smith v. Foremost Ins. Co.*, 884 So. 2d 341, a case in which the Florida appellate court distinguished between premium finance companies that are in the business of advancing premium payments for insureds via premium finance agreements (which are regulated by Part XV) and insurers like Defendants who accept installment payments directly from insureds and do not enter into premium finance agreements (which are regulated by Part XVI.) However, Defendants' argument ignores the fact that, even though they would not qualify as "premium finance companies" as that term is defined under Part XV, they might still be subject to

regulation under Part XV pursuant to § 627.902 of Part XVI. That statute provides that, if an insurer charges a service charge or rate of interest that "is substantially more than that provided in s. 627.901," the insurer "shall be subject to part XV of this chapter." Plaintiffs allege in their Complaint that Defendants charged them with a $4.00 premium finance installment charge that "substantially exceeded" the maximum allowed by § 627.901. If this is true, Defendants would be subject to the damages provisions found in XV of Chapter 627. Accordingly, construing the allegations in the light most favorable to Plaintiffs, the Court finds that Plaintiffs have pled a cause of action sufficient to survive Defendants' motion to dismiss to the extent that they purport to state a claim for excessive premium finance charges.[1]

Next, Defendants argue that, even assuming that Part XV applies to them, Plaintiffs' allegation that they failed to comply with the disclosure requirements of § 627.839 of Part XV must be dismissed because that statute does not provide any private right of action. Defendants argue that nothing in the statute creates a private cause of action and that the Court should not create or infer one when there is no evidence that the Legislature intended to create one. Plaintiffs do not dispute that § 627.839 does not create a private cause of action for disclosure violations, but rather, argue that § 627.835 creates a private cause of action for excessive premium finance charges. This argument misses the point, and Plaintiffs have not provided the Court with any authority to find that they have a private cause of action for violations of the

---

[1]Moreover, the Court rejects Defendants' argument that the term "substantially more than" in § 627.902 is unconstitutionally vague. Defendant argues that it is impossible to determine what fees are impermissible under the statute. However, Defendant has failed to show that the statute is so vague "that a person of common intelligence must speculate about its meaning and subject himself to punishment if his guess is wrong." *Bertens v. Stewart*, 453 So. 2d 92, 93 (Fla. Dist. Ct. App. 1984).

disclosure requirements of § 627.839. Accordingly, the Court grants Defendants' Motion to Dismiss to the limited extent that Plaintiffs purport to state such a claim.

Next, Defendants argue that Plaintiffs' claims of unjust enrichment or "unfair business practices" must be dismissed because Florida law does not permit such claims in the insurance context. In their responsive pleading, Plaintiffs concede that they cannot state a claim for unjust enrichment because such a claim does not exist where the parties have entered into an express written insurance contract. Furthermore, to the extent that Plaintiffs purport to state a claim under Florida's Deceptive and Unfair Trade Practices Act, such a claim must be dismissed because that statute expressly excludes "[a]ny person or activity regulated under laws administered by the Department of Insurance." *See* Fla. Stat. § 501.212. A review of the Complaint reveals that Plaintiffs' claims are against an insurer and are grounded upon acts governed by the Department of Insurance. Accordingly, the Court grants Defendants' Motion to Dismiss to the limited extent that Plaintiffs purport to state a claim for unjust enrichment or violations of "unfair business practices" laws.

### B. Plaintiffs' Class Allegations

Finally, Defendants argue that Plaintiffs' Complaint should be dismissed because it cannot be maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Court declines to rule on whether this case may be pursued as a class action until such time as Plaintiffs file a motion for class certification.

### IV. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants' Motion to Dismiss Plaintiffs' Complaint (Doc. No. 14) is **GRANTED IN PART AND DENIED IN PART.**

Defendants' Motion is denied with regard to Plaintiffs' claim for excessive finance charges. Defendants' Motion is granted with regard to Plaintiffs' claims of disclosure violations and for unjust enrichment or violations of "unfair business practices" laws.

Finally, the Court notes that a case management and scheduling order has not yet been entered in this case. On June 20, 2006, the parties jointly filed an Amended Case Management Report, stating that they had stipulated that no discovery would occur until the Court resolves the instant Motion to Dismiss. (Doc. No. 29.) The parties jointly requested that the Court permit an additional 180 days of discovery following resolution of this Motion. Accordingly, the Court hereby orders the parties to jointly file a Second Amended Case Management Report on or before November 30, 2006. In this Report, the parties must suggest a date certain for all discovery and pretrial deadlines, including any deadlines related to class certification and class discovery.

**DONE AND ORDERED** at Tampa, Florida, this 21st day of November, 2006.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record