UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SHELLY LAPENNA,
MELINDA TACKETT, and
TONYA Y. JEMISON,

      Plaintiffs,

v.                                                             Case No. 8:05-cv-904-T-24MSS

GOVERNMENT EMPLOYEES
INSURANCE COMPANY,
GEICO INDEMNITY COMPANY,
GEICO GENERAL INSURANCE COMPANY,
and GEICO CASUALTY COMPANY,

      Defendants.
_____/

**ORDER**

This cause comes before the Court on a Renewed Motion for Summary Final Judgment filed by Defendants Government Employees Insurance Company, Geico Indemnity Company, Geico General Insurance Company, and Geico Casualty Company (collectively, "GEICO"). (Doc. No. 85.) Plaintiffs Shelly Lapenna, Melinda Tackett, and Tonya Y. Jemison ("Plaintiffs") filed a response in opposition to GEICO's summary judgment motion. (Doc. No. 92.) For the reasons stated herein, GEICO's Motion is granted.

**I.    Facts and Procedural Background**

Plaintiffs Shelly Lapenna, Melinda Tackett, and Tanya Jemison are Florida residents who purchased motor vehicle insurance coverage from GEICO and continue to maintain this coverage today. (*See* Howard aff. ¶¶ 5-10, Ex.1-3; Supplemental Affidavit of Philip Bowman ("Bowman aff.") ¶¶ 6-13, Ex.1-3.) Rather than paying the entire premium in one payment,

Plaintiffs elected to pay their premiums in installments.  (*See generally* Bowman aff. Ex.1-3.)

The dispute in this case centers on whether the fees GEICO charged Plaintiffs for paying their premiums in installments qualify as fixed service charges or capped interest charges. GEICO argues that it charged Plaintiffs a fee on each installment payment equal to or less than 18% simple annual interest on the unpaid premium balance, subject to a maximum fee of $3.00, and later $4.00.  Plaintiffs, however, argue that the installment fees GEICO charged them qualify as fixed service charges–not interest charges–that exceed the maximum allowed by law.

In support of its summary judgment motion, GEICO submitted a Statement of Account for each Plaintiff for the policy periods from 1999 through 2007.  (Bowman aff. Exs. 1-3.) These Statements summarize information contained in GEICO's business records regarding each Plaintiff's account history and show how GEICO calculated the premium installment fees that Plaintiffs paid during the indicated policy periods.  (*Id.* at ¶¶ 6-14, Exs. 1-3.)  Plaintiffs do not dispute the accuracy of the Statement of Accounts.  The following is an excerpt from Plaintiff Lapenna's Statement of Account for the policy period October 6, 2002 to April 6, 2003:[1]

---

[1] Although the particular amount of the charges and payments varied from period-to-period for each Plaintiff, this excerpt is representative of the manner in which those charges were imposed by GEICO, and thus, the Court need not set out the entirety of each Plaintiff's account history in this order.

| Date | Item description | Installment # | Premiums & Premium Installment Charges | Payments & Credits | Balance | Premium Installment Charge Capped at: | Allowable Premium Installment Charge at 18% |
|---|---|---|---|---|---|---|---|
| 8/21/2002 | Renewal | | 762.20 | | 762.20 | | |
| 8/21/2002 | Renewal bill sent for $254.00 | | | | 762.20 | | |
| 9/12/2002 | Payment applied | | | 254.00 | 508.20 | | |
| 10/22/2002 | Add premium installment charge | 2 | 4.00 | | 512.20 | 4.00 | 7.52 |
| 10/22/2002 | Installment bill sent for $173.00 | | | | 512.20 | | |
| 11/10/2002 | Payment applied | | | 173.00 | 339.20 | | |
| 11/21/2002 | Add premium installment charge | 3 | 4.00 | | 343.20 | 4.00 | 5.02 |
| 11/21/2002 | Installment bill sent for $174.00 | | | | 343.20 | | |
| 12/8/2002 | Payment applied | | | 174.00 | 169.20 | | |
| 12/22/2002 | Add premium installment charge | 4 | 2.50 | | 171.70 | 2.50 | 2.50 |
| 12/22/2002 | Installment bill sent for $171.70 | | | | 171.70 | | |
| 1/14/2003 | Payment applied | | | 171.70 | 0.00 | | |

On May 12, 2005, Plaintiffs filed their Original Class Action Complaint, alleging that GEICO unlawfully charged excessive premium finance charges and failed to satisfy certain disclosure requirements in violation of Florida insurance laws.[2] (Pl.'s Compl. ¶ 1.) Plaintiffs purport to represent a state and nationwide class of persons whom GEICO has overcharged for premium finance charges as part of a systematic, nationwide policy to obtain additional revenue.

---

[2]On November 21, 2006, the Court granted in part GEICO's motion to dismiss, eliminating Plaintiffs' claim for violations of statutory disclosure and consent requirements, as well as their claims for unjust enrichment and violations of "unfair business practices" laws. Accordingly, the only remaining issue is whether GEICO's installment fees exceeded the limits of Florida Statute § 627.901, thereby subjecting GEICO to Part XV of Chapter 627 regarding premium financing companies.

(*Id.* at ¶ 15.) Plaintiffs seek a declaratory judgment that the premium finance charges are excessive and unlawful. (*Id.* at ¶ 26.) They also seek injunctive relief that GEICO be enjoined from applying such charges in the future and that all excessive charges be refunded. (*Id.*) Finally, Plaintiffs seek statutory damages in the amount of twice the installment charges paid by each class member. (*Id.*)[3]

## II.     Standard of Review

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The Court must draw all inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor. *Porter v. Ray*, 461 F.3d 1315, 1320 (11th Cir. 2006).

---

[3] On October 12, 2007, the Court sua sponte directed the parties each to file a memorandum addressing the precedential effect of several recent cases in which courts have dismissed cases similar to this one under the doctrine of primary administrative jurisdiction or the filed rate doctrine, when the plaintiff failed to seek presuit relief with the Florida Office of Insurance Regulation ("OIR"). *See e.g., McKenzie v. Progressive Auto Pro Ins. Co.*, No. 2:06-cv-238, 2007 U.S. Dist. LEXIS 26156 (M.D. Fla. Apr. 9, 2007); *Arbelo v. Gainsco, Inc. v. Nat'l Speciality Lines, Inc.*, No. 2:06-cv-263, 2007 U.S. Dist. LEXIS 26162 (M.D. Fla. Apr. 9, 2007); *Freed v. New Hampshire Indem. Co., Inc.*, No. 06-cv-243, 2007 U.S. Dist. LEXIS 26158 (M.D. Fla. Apr. 9, 2007); *Progressive Express Ins. Co. v. Reaume*, 937 So. 2d 1120 (Fla. 2d DCA 2006). In their memoranda, both parties argued that, although Plaintiffs did not seek presuit relief, the Court was not divested of its jurisdiction and should retain the suit.

"The doctrine of primary administrative jurisdiction does not serve to divest [a] court of jurisdiction, it merely counsels that when issues arise which have been placed within the special competence of an administrative body, the court should practice judicial restraint." *Flo-Sun, Inc. v. Kirk*, 783 So.2d 1029, 1041 (Fla. 2001). "The doctrine . . . is a matter of deference, policy and comity, not subject matter jurisdiction." *Id.* at 1038-39. Upon consideration of the memoranda and caselaw, the Court concludes that the specific factual and legal issues presented in this case are not issues that require specialized agency expertise to resolve. Furthermore, the filed rate doctrine is inapplicable here because this dispute centers on installment fees, which are distinct from premium rates. Accordingly, the Court declines to stay or dismiss this suit pending presuit review before the OIR.

The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. *See id.* When a moving party has discharged its burden, the non-moving party must then go beyond the pleadings, and by its own affidavits, or by depositions, answers to interrogatories, and admissions on file, designate specific facts showing there is a genuine issue for trial. *See id.*

**III.     Discussion**

Part XVI of Florida Statutes Chapter 627 regulates premium financing by insurance companies. Section 627.901 of Part XVI provides that insurance companies may collect a service charge of $3 per installment not to exceed $36 per year, *or in lieu of such service charges*, may charge a rate of interest not to exceed 18 percent per year on the unpaid balance. Fla. Stat. § 627.901(1). Section 627.902 of Part XVI provides that, if an insurer charges a service charge or rate of interest that "is substantially more than that provided in s. 627.901," the insurer "shall be subject to part XV of this chapter." Accordingly, pursuant to §§ 627.901 and 627.902, GEICO may accept installment payments of insurance premiums and charge a fee which is not "substantially more than" $3 per installment, *or* may charge 18 percent interest on the unpaid premium balance. If GEICO charges a fee that is "substantially more than" this amount, GEICO is subject to regulation under Part XV.

Part XV of the insurance code regulates "premium finance companies." *See* Fla. Stat. § 627.826. Section 627.835 of Part XV, which provides the statutory basis for Plaintiffs' damages claim, states that "[a]ny . . . entity who . . . charges a premium finance charge other than that authorized by this part shall thereby forfeit the entire premium finance charge." Furthermore,

5

"any person who has paid such unlawful finance charge may . . . recover . . . twice the entire amount of the premium finance charge so paid." Fla. Stat. § 627.835.

Here, GEICO argues that, rather than imposing a flat service charge on premium installment payments, it elected to impose a rate of interest on each installment payment equal to or less than 18% simple annual interest on the unpaid premium balance. (Bowman aff. ¶ 4.) According to GEICO, from 1997 to 2000, that interest charge was capped at $3.00 for Florida policyholders. (*Id.*) Fees of less than $3.00 were rounded to the next lower dime. (*Id.*) No fee was assessed on the initial installment. (*Id.*) Beginning in 2000, GEICO increased the cap from $3.00 to $4.00, but, the remaining aspects of the calculation methodology remained the same. (*Id.*)[4]

GEICO argues that Plaintiffs' account histories conclusively establish that no Plaintiff was ever assessed an installment fee exceeding the allowable 18% annual interest rate. Consequently, GEICO argues, it is not subject to regulation under Part XV of Chapter 627, or the § 627.835 damages provision, and it is entitled to summary judgment.

In response, Plaintiffs argue that a genuine issue of material fact exists as to whether the installment charges imposed by GEICO are flat service charges disguised as capped interest charges. If GEICO's charges, which are presently capped at $4.00, qualify as flat service

---

[4]The following facts regarding GEICO's installment fees are undisputed: In virtually all other states besides Florida in which GEICO accepts premium installment payments, it does not compute the installment fee as a rate of interest. (McCutcheon dep. at 58, 63-64.) Instead, in the vast majority of jurisdictions in which it accepts installment payments, GEICO imposes a fixed service charge on each installment payment ($3.00 from 1997 through 2000, and $4.00 from 2000 to present). (*Id.*) These service charges do not vary according to the outstanding premium balance, and are collected on each installment payment, including the first and last payments. (*Id.*)

charges, such charges are "substantially more than" the $3.00 maximum service charge permitted by § 627.901(1), and therefore, Plaintiffs argue, GEICO is subject to damages under Part XV of Chapter 627. Moreover, they argue that even if GEICO's charges are based on a rate of interest, a disputed issue of material fact exists as to whether such charges exceed the 18% statutory maximum.

### A. Plaintiffs' Account Histories

The Court has reviewed the Statement of Accounts for each Plaintiff for the policy periods from 1999 through 2007. The Statements conclusively establish that, rather than imposing a flat service charge, GEICO elected to charge a rate of interest not more than 18% simple annual interest on the unpaid balance. Plaintiff Lapenna's Statement of Account provides a useful example of the manner in which GEICO imposed its interest-based installment charges.

Plaintiff Lapenna's Statement of Account reflects that she owed a total premium of $762.20 for the policy period from October 6, 2002 to April 6, 2003. On August 21, 2002, GEICO sent Plaintiff a bill for the first installment payment of $254.00. GEICO did not assess any installment charge for this first payment. On September 12, 2002, Plaintiff paid the first installment of $254.00, leaving an unpaid premium balance of $508.20.

At this time, after Plaintiff had made her first installment payment, GEICO assessed a rate of interest based on the unpaid balance. Eighteen percent simple annual interest on the unpaid balance of $508.20 totaled $7.52.[5] However, rather than charging Plaintiff Lapenna the entire 18% interest amount, GEICO capped the charge at only $4.00. A $4.00 premium

---

[5] GEICO made this calculation by multiplying the unpaid balance by 18%, divided by 365 days, and multiplied by 30 days to get the interest rate for a 30-day period.

installment charge was applied on October 22, 2002.[6]

The third installment payment is significant to the Court's analysis and demonstrates why GEICO employed an interest-based method of calculating installment charges, rather than a flat service charge. On November 21, 2002, GEICO sent Plaintiff a bill for $174.00 for the third installment payment. Plaintiff made the payment on December 8, 2002, leaving a premium balance of $169.20. Eighteen percent simple annual interest on the $169.20 balance totaled $2.50. If GEICO had elected to impose a fixed service charge, GEICO would have charged Plaintiff another $4.00, a charge which would have exceeded the $3.00 per service charge permitted by § 627.901(1). However, because 18% of the unpaid premium balance ($2.50) amounted to less than GEICO's self-imposed $4.00 cap, GEICO instead charged Plaintiff only $2.50.

The remainder of Plaintiff Lapenna's account history, as well as the account histories for Plaintiffs Tackett and Jemison, are consistent with this example and demonstrate GEICO's interest-based methodology for calculating installment charges. Based on a thorough review of the account histories, the Court finds that GEICO elected to impose a rate of interest equal to or less than 18% simple annual interest on the unpaid premium balance (but capped the interest charge at a pre-set figure ($3.00 from 1997 to 1999; $4.00 from 2000 to the present)). Had GEICO assessed Plaintiffs a fixed service charge rather than a capped rate of interest, Plaintiffs' account histories would show a uniform charge for all installments, including the first and last

---

[6]GEICO followed the same billing methodology for the second installment: GEICO sent Plaintiff a bill for the second installment of $173.00, and she made the payment on November 10, 2002, leaving a balance of $339.20. Eighteen percent simple annual interest on the $339.20 balance totaled $5.02. However, rather than charging Plaintiff the entire 18% interest amount, GEICO again charged her only $4.00 on November 21, 2002.

payments. They do not. Instead, the account histories demonstrate that GEICO collected no fee for the first installment, and the final installment fee was a lesser amount that varied depending on the unpaid balance. Accordingly, GEICO's interest-based installment fees are well within the limitations of § 627.901(1).

### B. Plaintiffs' Evidence that the Fees Are Fixed Service Charges

In an effort to avoid the undisputed account histories, Plaintiffs point to GEICO's treatment and description of its charges as evidence that they are fixed service charges rather than capped interest-based charges. Plaintiffs submitted affidavits in which they state that "Geico has never referred to [its] $4.00 premium installment charge as 'interest' and has always referred to it as a 'service charge' or a 'premium installment charge.'" (Jemison aff. ¶7; Tackett aff. ¶6; Lapenna aff. ¶ 4.) Plaintiffs filed printouts of their account histories from GEICO's website in which GEICO refers to the charge as a "Service Charge." (Tackett aff. ¶ 8; Jemison aff. ¶ 9.)

Plaintiffs' conclusory, self-serving affidavits and the attached exhibits are insufficient to create a genuine issue for trial in light of the undisputed account histories that conclusively establish that GEICO's installment fees were interest-based. *See Earley v. Champion Int'l Corp.*, 907 F.2d 1077, 1081 (11th Cir. 1990) (ruling that conclusory, self-serving, or uncorroborated allegations could not create an issue of fact sufficient to defeat a well-supported summary judgment motion). The bills submitted to GEICO's customers contain the statement that premium installment charges are "based on the unpaid balance," evidence which supports GEICO's proposition that its charges are interest-based rather than fixed. (Bowman aff. Ex. 4.) Furthermore, even assuming that GEICO referred to its charges as "service charges" on its

9

website or when communicating with Plaintiffs, this fact does not alter the undisputed record evidence that demonstrates that the charges were calculated based on a capped 18% simple annual interest rate.[7]

Plaintiffs argue that the Court should follow *Smith v. Foremost Insurance Company*, 884 So. 2d 341, 345 (Fla. 2d DCA 2004), a case in which a Florida appellate court found that a genuine issue of material fact existed as to whether the insurance company's charges exceeded the statutory maximum. *Id.* As in this case, the insurance company argued that its charges were interest, rather than service, charges. *Id.* at 345-46. The court reviewed the account history and found that at least some of the charges exceeded both the 18% annual simple interest rate and the maximum allowable service charge. *Id.* at 345. In reaching its conclusion, the court noted that the bills the insurance company sent to the plaintiff identified the charges as "service fees," rather than "interest" and did not identify the charges as representing interest on unpaid balances. *Id.* at 345.

The present case is factually distinguishable from *Smith*. In *Smith*, the insurance company imposed the same flat $5 charge for each installment payment, regardless of the amount of the unpaid premium balance. *Id.* at 346. Here, the account histories show that GEICO did not collect a fee for the first installment before any interest could have accrued, and the final installment fee was a lesser amount that varied depending on the unpaid balance.

---

[7]The Court finds disingenuous Plaintiffs' affidavit statements that they "never considered the premium installment charge an 'interest charge.'" (Jemison aff. ¶ 7; Tackett aff. ¶6; Lapenna aff. ¶ 4.) During her earlier deposition, Plaintiff Lapenna admitted that she understood that GEICO calculated its installment fees "based on the unpaid balance," which is "like interest." (Lapenna dep. at 38-39.) Plaintiff Jemison, likewise, admitted at her deposition that GEICO explained to her that she would be charged an installment fee "based on [her] balance." (Jemison dep. at 25.)

Furthermore, the bills submitted to GEICO policyholders included the statement that premium installment charges are "based on the unpaid balance." The cases are similar only to the extent that both address the issue of whether an insurance company's installment charge exceeded the statutory maximum. Most importantly, none of the charges in the instant case exceeded both the $3 maximum for service charges and the 18% interest rate permitted by § 627.901(1).

Plaintiffs also point to the fact that, in virtually every other state, GEICO considers the same $3.00 and $4.00 charges to be services charges–not interest charges. Plaintiffs argue that a reasonable juror could infer from this fact that GEICO imposes a service charge in Florida just as it does in virtually every other state. The Court disagrees. A reasonable juror could not reach that conclusion after reviewing Plaintiffs' account histories, which show that GEICO did not impose a uniform charge for all installments, but rather charged a fee that was dependent on the unpaid balance.[8]

Plaintiffs next argue that the manner in which GEICO has treated its charges for tax and accounting purposes is the most compelling evidence that the charges are service charges. Plaintiffs cite GEICO's response to Plaintiffs' request for an admission as evidence that it does not report to the Internal Revenue Service the income it receives from the charges as interest. (Doc. No. 92, Ex. A.)

The Court concludes, however, that Plaintiffs have not raised a factual dispute with this

---

[8] Plaintiffs further state that, if they simultaneously make two payments, GEICO routinely charges them only one installment charge. (Tackett aff.¶ 7; Lapenna aff. ¶ 5.) Although it is far from clear, Plaintiffs appear to argue that this fact explains why they viewed the charge as a service charge rather than an interest charge. Plaintiffs have failed to present any record evidence, other than their self-serving affidavits, to support this fact, and the Court is unable to determine the relevance of the fact in determining whether GEICO's charges were interest-based or not.

11

argument. GEICO has presented undisputed evidence that the installment fees it collects offset the administrative expense of the installment payment program. (McCutcheon dep. at 33, 38.) Therefore, the revenue attributable to these fees is not classified as "interest income" for federal income tax purposes; instead, it is shown as a reduction to the expenses of administering the installment fee program. (*Id.* at 33.) The cap amount was increased by GEICO in 2000 from $3.00 to $4.00 because the administrative cost of the installment program changed over time, and the amount was intended to reflect that cost. (McCutcheon dep. at 38.) In fact, Plaintiff Jemison testified that she understood that the purpose of the installment fees is "to process . . . the installment payments . . . because it uses more paperwork and administrative resources than if you take one payment for the whole policy year." (Jemison dep. at 26-27.)

Finally, Plaintiffs argue that GEICO's fees could not qualify as interest charges because they are assessed on the first installment payment before any interest could have accrued. For this reason, they alternatively argue that, even if viewed as interest-based charges, such charges exceed 18%. To support this argument, Plaintiffs again point to their affidavits in which they state that "[they] have been assessed a premium installment charge on the first/initial down payment [they] paid to GEICO." (Lapenna aff. ¶ 3; *see also*, Jemison aff. ¶ 9; Tackett aff. ¶ 7.)

Plaintiffs' affidavits completely misstate GEICO's first assessment of a premium installment fee per policy period. For example, handwritten notes on the account history attached to Plaintiff Lapenna's affidavit identify a $4.00 installment fee assessed *for the second installment* as being assessed "on initial downpayment." (Lapenna aff. Ex.) Plaintiffs have simply mis-read the Statement of Accounts, and this error is repeated throughout each affidavit.

Moreover, Plaintiffs cannot create a factual issue simply by submitting affidavits in

which they claim that GEICO imposes a fee on the initial installment, when the undisputed account histories, their own deposition testimony, and their stipulation with GEICO establish the opposite. *See Cleveland v. Policy Mgmt. Sys. Corp.*, 526 U.S. 795, 806, 119 S. Ct. 1597, 1603, 143 L. Ed. 2d 966 (1999) ("A party cannot create a genuine issue of fact sufficient to survive summary judgment simply by contradicting his or her own previous sworn statement (by . . . filing a later affidavit that flatly contradicts that party's earlier sworn deposition) without explaining the contradiction or attempting to resolve the disparity."). Plaintiffs' affidavits are directly contradicted by their own deposition testimony in which they admitted that they were not assessed a charge on the first installment. (Lapenna dep. at 35; Tackett dep. at 32-33; Jemison dep. at 28-29). Furthermore, Plaintiffs stipulated that GEICO "never charged more than 18 percent on the unpaid balance." (Lapenna dep. at 60; *see also*, Jemison dep. at 33; Tackett dep. at 35.) Plaintiffs have made no attempt to explain the disparity between their affidavits, deposition testimony, and stipulation.[9]

**IV.   Conclusion**

In conclusion, the Court finds that the undisputed Statements of Account for each Plaintiff conclusively establish that GEICO imposed a rate of interest equal to or less than 18% simple annual interest on the unpaid premium balance. GEICO's charges were not "substantially more than" what is permissible under § 627.901(1). Therefore, GEICO is not subject to the § 627.835 damages provision, and is entitled to summary judgment. Accordingly, it is

**ORDERED AND ADJUDGED** that Defendants' Renewed Motion for Summary Final

---

[9] Having found that GEICO is entitled to summary judgment, the Court declines to consider its remaining argument that § 627.835 is unconstitutional.

Judgment is (Doc. No. 85) is **GRANTED.** Plaintiffs' Motion to Certify Class (Doc. No. 98) is **DENIED AS MOOT**. The pretrial conference scheduled in this case for December 11, 2007 is cancelled, and this case is removed from the Court's January 2008 trial calendar. The Clerk is directed to enter judgment in favor of Defendants and to close this case.

**DONE AND ORDERED** at Tampa, Florida, this 26th day of November, 2007.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:

Counsel of Record